**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **AZUMAH ROBINSON**<br>**Plaintiff,**<br><br>**v.**<br><br>**EQUIFAX INFORMATION SERVICES,**<br>**LLC**<br><br>        **Defendant,** | ) **JURY TRIAL DEMANDED**<br>)<br>)<br>) **Case No.**<br>)<br>) JUL 25 2023 AM 10:19<br>) FILED-USDC-CT-NEW HAVEN<br>)<br>) |

## COMPLAINT

## INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff Azumah Robinson a consumer, against Defendant Equifax Information Services, LLC,("EQ") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter "FCRA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises under 15 U.S.C § 1681(p) 28 U.S.C 1331. Venue in this District is proper because the Defendant's conducts business in New Haven, New Haven County, Connecticut and the conduct complained of occurred in New Haven, New Haven County, Connecticut.

## PARTIES

3.    Plaintiff Azumah Robinson (hereinafter "Plaintiff") is a natural person residing in New Haven, CT. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

4.    Defendant EQ is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C § 1681a(p)

5.    Upon information and belief, Defendant EQ is a Georgia corporation with its principal address at 1550 Peachtree Street N.W. Atlanta, GA 30309.

6.    EQ compiles and maintains files on consumers on a nationwide basis.

## FACTS OF THE COMPLAINT

7.    On or about September 17, 2022, Plaintiff sent a dispute letter to EQ notifying that the accounts within the dispute letter are inaccurate and incomplete because he believed the balance was inflated. See **Exhibit A**

8.    Once EQ receive notice of this letter, it was required to provide notice of such disputes and request for reinvestigation to the furnisher.

9.    Upon information and belief, EQ received the letter sent by the plaintiff.

10.   Pursuant to 15 U.S.C § 168i if the completeness or accuracy of any item is disputed but the consumer the agency shall, free of charge, conduct a reasonable

reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the file.

11. On or about Oct 4, 2022, Plaintiff received an updated credit file from EQ.

12. The updated September 26, 2022, credit report did not contain the current status of the disputed information on the Capital One tradeline.

13. As a result of Equifax's re-investigation, the Capital One tradeline is reporting inaccurate and incomplete payment history. See **Exhibit B.**

14. The Capital One tradeline is reporting inaccurate payment history. EQ is reporting Plaintiff was on time Aug 2021 and Sept 2021 but 60 days late in Oct 2021. It is impossible for Plaintiff be 60 days late the month of Oct 2021 when its being report he was on time the prior month.

15. The date of first delinquency is being reported as Oct 2021 but the payment history showing Plaintiff was 60 days late that month.

16. If EQ had completed a reinvestigation as claimed and relied solely on their own internal data, they should have realized that the information reporting on the tradeline was very contradicting.

17. Alternatively, if EQ relied on external data received from the furnisher, they should have removed the inaccurate information.

18.  This inaccurate and unverifiable information being reported by EQ proves an unreasonable and/or non-existent reinvestigation took place.

19.  Defendant actions under the FCRA complained of herein occurred within two years of the date of this complaint.

20.  Plaintiff suffered injury-in-fact by being subjected to inaccurate unfair and abusive practices of EQ.

21.  Plaintiff's creditworthiness is negatively impacted because the credit reporting is materially misleading and is being interpreted incorrectly.

22.  Plaintiff's injury-in-fact is traceable to the challenged representations of Defendant.

23.  Plaintiff has suffered actual harm due to credit denial from Rocket Loan caused by false credit reporting by Defendant.

24.  Plaintiff has suffered credit and emotional damages. Plaintiff also experienced undue stress and anxiety due to Defendant's failure to correct the errors on his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendant's violation of the FCRA.

**FIRST CLAIM FOR RELIEF**
**(Defendant Equifax Information Services, LLC)**
**15 U.S.C 1681e(b)**

25.    Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

26.    EQ violated 15 U.S.C 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the plaintiff.

27.    As a result of this conduct, action, and inaction of EQ, the plaintiff suffered damage by loss of credit, lower fico scores, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials.

28.    EQ's conduct, action, and inaction were willful, rendering it liable for punitive damages and the amount to be determined by the court pursuant to 15 U.S.C § 1681n. In the alternative, it was negligent, entitling the plaintiff to recover under 15 U.S.C § 1681o.

**SECOND CLAIM FOR RELIEF**
**(Defendant Equifax Information Services, LLC)**
**15 U.S.C 1681i**

29.    Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

30.    Defendant EQ violated 15 U.S.C § 1681i by failing to conduct a reasonable investigation as required.

31.    As a result of this conduct, action, and inaction of EQ, the plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials.

32.    EQ's conduct, action, and inaction were willful, rendering it liable for punitive damages and the amount to be determined by the court pursuant to 15 U.S.C § 1681n. In the alternative, it was negligent, entitling the plaintiff to recover under 15 U.S.C § 1681o.

33.    The Plaintiff is entitled to recover actual damages and costs from EQ in the amount to be determined by the court pursuant to 15 U.S.C § 1681n.

### JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Azumah Robinson respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A.  Judgment for the violations occurred for violating the FCRA;

B.  Actual and statutory damages pursuant to 15 U.S.C 1681n(a)(1)(A) & 15 U.S.C 1681o(a)(1)

C.  Cost pursuant to 15 U.S.C 1681n(a)(3)

D.  For such other and further relief as the Court may deem just and proper.


Respectfully submitted:
/s/ Azumah Robinson
Azumah Robinson, *pro se*
Zumahr@gmail.cOM

# EXHIBIT A

09/17/2022

Equifax,

The accounts listed below are inaccurate and incomplete. The presence of these accounts on my credit report is damaging and must be removed. I respectfully ask that these accounts be investigated and removed from my file.

1. Capital One                                   xxxxxxx9723

I request the name of the persons, with their business addresses, that you contacted for verification of this information. I also demand to see any document that bears my signature requesting from the accounts listed above.

Please delete this misleading information and send me an updated copy of my credit report with these items deleted.

Azumah Robinson

# EXHIBIT B

# CAPITAL ONE

Report Date: Invalid date

# CLOSED

### ACCOUNT STATUS

Closed accounts stay on your credit report for up to 10 years since the date of last activity. Negative information such as late payments or collections, generally stay on your Equifax credit report for up to 7 years from the date of first delinquency.

Details          **Payments**          Historical

## Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

|      | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2022 | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  |     |
| 2021 |     |     |     |     |     |     |     | ✓   | ✓   | 60  | CO  | CO  |

| | | | |
|---|---|---|---|
| ✓ Paid on time | 30  30 Days Past Due | 60  60 Days Past Due | 90  90 Days Past Due |
| 120 120 Days Past Due | 150 150 Days Past Due | 180 180 Days Past Due | V  Voluntary Surrender |
| F  Foreclosure | C  Collection Account | CO  Charge Off | B  Included in Bankruptcy |
| R  Repossession | TN  Too New to Rate | No Data Available | |

## Payment Details

| | | | |
|---|---|---|---|
| **Months Reviewed** | 15 | **Date of Last Payment** | |
| **Payment Responsibility** | INDIVIDUAL | **Scheduled Payment Amount** | |
| **Deferred Payment Start Date** | | **Actual Payment Amount** | |
| **Date Closed** | | **Charge Off Amount** | $1,985 |

## Other Payments & Delinquencies

| | | | |
|---|---|---|---|
| **Balloon Payment Date** | | **Delinquency First Reported** | Oct 2021 |
| **Balloon Payment Amount** | | **Amount Past Due** | $2,088 |